IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DEBORAH LAUFER,**<br><br>  Plaintiff<br><br>v.<br><br>**PRESTIGE HOSPITALITY GROUP, LLC,**<br><br>  Defendant | **Case No.  1:20-CV-2119-CCB** |

## MEMORANDUM OF LAW IN SUPPORT PRESTIGE HOSPITALITY GROUP, LLC'S MOTION TO DISMISS

Defendant Prestige Hospitality Group, LLC (hereinafter "Prestige" or "Defendant"), by and through undersigned counsel, hereby submits this Memorandum of Law in support of its Motion to Dismiss for insufficiency of service of process pursuant to Rule 12(b)(5).

## INTRODUCTION

Plaintiff Deborah Laufer filed a claim in this Court against Defendant seeking injunctive relief arising from Prestige's alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"). ECF No. 1. Plaintiff named Prestige as the sole Defendant in her action. *Id.* Prestige is a Maryland limited liability company that owns and operates the Comfort Inn and Suites BWI Airport, a hotel located at 6921 Baltimore Annapolis Boulevard, Baltimore, Maryland 21225 ("the hotel"). *See* Articles of Organization filed July 17, 2018, attached hereto as Exhibit 1.

As fully set forth below, Plaintiff never effectuated proper service of process upon Defendant in accordance with the Federal Rules of Civil Procedure or the Maryland Rules of Civil Procedure. Effective service was not made prior to the expiry of the Summons on October

22, 2020. It has now been more than ninety (90) days since the filing of the Complaint, and the Summons has therefore expired. Because Plaintiff failed to effectuate proper service within the prescribed timeframe, this Court lacks jurisdiction over this Defendant in this action and Plaintiff's Complaint must be dismissed in its entirety.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed the instant action on or about July 21, 2020, naming Prestige Hospitality Group, LLC as the sole Defendant and alleging violations of the ADA in connection with Prestige's operation of the Comfort Inn and Suites BWI Airport. ECF No. 1. On July 22, 2020, the Court issued a 21-day Summons directed to Prestige in connection with the Complaint. On September 13, 2020, Plaintiff filed a Return of Service asserting that Prestige had been served with the Summons and Complaint through "Imren Shah," as "General Manager," on August 31, 2020. ECF No. 3. In the Return of Service, J. Matthews Manlich asserted that he:

> "executed service by delivering a true copy of the **SUMMONS IN A CIVIL ACTION, AND COMPLAINT** in accordance with state statutes in the manner marked below:
>
> CORPORATE SERVICE/LLC: By serving **Imren Shah** as **General Manager** served the within-named person by delivering a true copy of pleadings and informed said person of the contents therein, with the date, hour and initials of service endorsed thereon by me and in compliance with State Statutes."

*Id.* Mr. Imran[1] Shah is employed by Prestige as the General Manager of the hotel. *See* Affidavit of Imran Shah, attached hereto as Exhibit 2. Mr. Shah is responsible for the day to day operations of the hotel. *Id.* Mr. Shah denies ever being served with a Summons and Complaint in

---

[1] No individual by the name of "Imren Shah" is employed by or otherwise affiliated with Prestige.

connection with this action.[2] *Id.* Moreover, Mr. Shah is not a member of and does not have an ownership interest in Prestige. He is not the Resident Agent, nor is he an officer. Exhibit 2. Prestige has not authorized Mr. Shah to accept service of process of any legal papers on behalf of Prestige. Exhibit 2.

Mr. Ravi Nichani is a Member of and the Resident Agent for Prestige. See Exhibit 1; *See also* Affidavit of Ravi Nichani, attached hereto as Exhibit 3. Mr. Nichani was never served with the Summons and Complaint. *Id.* Mr. Nichani, as a Member of Prestige, did not authorize anyone to accept service on behalf of Prestige. *Id.* No other member or agent of Prestige has authorized anyone to accept service of process on behalf of Prestige. *Id.*

On September 24, 2020, Plaintiff filed a Motion for Entry of Default by the Clerk. ECF No. 4. In said Motion, Plaintiff represents that Prestige was served with the Summons and Complaint on August 31, 2020. *Id.* The Clerk, relying on the Plaintiff's erroneous representation of proper service, entered an Order of Default against Prestige on September 30, 2020. ECF No. 5. On September 30, 2020, Plaintiff filed a Motion for Entry of Judgment After Default. ECF No. 7. Again, Plaintiff erroneously represented that Prestige was served on August 31, 2020. *Id.* It is on that basis that Plaintiff now seeks Default Judgment against Prestige.

Undersigned counsel was retained to represent Prestige in this matter on October 27, 2020. Two (2) days later, on October 29, 2020, concurrently with this Motion, undersigned counsel filed a Motion to Set Aside Clerk's Entry of Default pursuant to FRCP 55 on behalf of Prestige. Undersigned counsel also filed, on October 29, 2020, concurrently with this Motion, an Opposition to Plaintiff's Motion for Entry of Judgment after Default.

---

[2] On its face, the Return of Service does not indicate that Imran Shah was ever served, as it states that "Imren Shah" was served with copies of the Summons and Complaint. ECF No. 3.

As the Summons in this action was issued on July 22, 2020, and an appropriate individual was not served within ninety (90) days of the filing of the Complaint, proper service has not been effectuated.

## STANDARD OF REVIEW

### I.     Motion to Dismiss

A motion to dismiss for insufficient service of process is permitted by Federal Rule 12(b)(5). *Miller v. Baltimore City Bd. of Sch. Com'rs*, 833 F. Supp. 2d 513, 516 (2011). If service is contested, the "plaintiff bears the burden of establishing [its] validity . . . pursuant to [Federal] Rule [of Civil Procedure] 4." *Id.* (quoting *O'Meara v. Waters,* 464 F. Supp. 2d 474, 476 (D. Md. 2006)). In determining whether the plaintiff has satisfied their burden, the applicable rules regarding proper service "are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003) (citing *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.,* 733 F.2d 1087, 1089 (4th Cir. 1984). Ultimately, when determining whether proper service was effectuated, the Court should not ignore the plain requirements for the means of effecting service of process. *Armco*, 733 F.2d at 1089; *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006) ("plain requirements for the means of effecting service may not be ignored.").

## ARGUMENT

### I.     Plaintiff's Claim Must be Dismissed for Insufficiency of Service of Process Because the Summons and Complaint Were Not Served on Any Individual Authorized to Accept Service.

Federal Rule of Civil Procedure 4(h) identifies the methods by which service may be perfected on a corporation, partnership, or association within a judicial district of the United States. Rule 4(h)(1)(A) sets forth that service may be perfected "in the manner prescribed by Rule 4(e)(1) for serving an individual"; or (B) "by delivering a copy of the summons and of the

complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy to each of the defendant." Rule 4(e)(1) sets forth that service may be perfected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Maryland Rule 2-124(h) provides methods through which service may be made on a limited liability company in Maryland. Pursuant to that Rule, "[s]ervice is made upon a limited liability company by serving its resident agent. If the limited liability company has no resident agent or if a good faith attempt to serve the resident agent has failed, service may be made upon any member or other person expressly or impliedly authorized to receive service of process."

While applicable case law indicates a liberal construction of the provisions of Rule 4, "the Rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Building Systems, Inc.* 733 F.2d. 1087, 1089 (4th Cir. 1984). Further, where the person served is not an agent on whom proper service could have been made, the fact that the individual may have advised the proper Defendant is irrelevant. *Free State Receivables, Ltd. v. Claim Processing Corp. of NJ,* 76 F.R.D. 85 (D. Md. 1977). Moreover, when service or process on a defendant is improper, the Court lacks personal jurisdiction over that defendant. *Davey Tree Expert Co. v. Moon Site Mgmt.*, No. CCB-19-1220, 2020 U.S. Dist. LEXIS 6929, at *4 (D. Md. Jan. 15, 2020) (citing *Koehler v. Dodwell*, 152 F.3d 304, 306–07 (4th Cir. 1998) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant. Moreover, any judgment entered against a defendant over whom the court does not have personal jurisdiction is void.")).

Together, Federal Rules of Civil Procedure 4(h)(1), 4(e)(1), and Maryland Rule 2-124(h) identify the accepted methods of effectuating service on a limited liability company in a case filed in the United States District Court for the District of Maryland. As to perfecting service on an entity pursuant to federal law, these methods include service on an officer, managing or general agent, or any agent authorized to accept service; or, as permitted by state law, by serving the resident agent, or if a good faith attempt to serve the resident agent has failed, any member or other person authorized to receive service of process. In the present case, no acceptable method of service of process was effectuated upon Prestige. Mr. Shah is not the Resident Agent for Prestige. Exhibits 2–3. He is, in fact, an employee of Prestige. *Id.* However, Plaintiff's Return of Service form states that an individual by the name of "Imren Shah" as "General Manager" under the "CORPORATE SERVICE/LLC" form option was served with the Summons and Complaint. ECF No. 3. Such a description is insufficient as it represents that the individual who was served held a corporate position with Prestige, when in fact Mr. Shah (if he is indeed the individual referenced in the Return of Service) is the General Manager of one hotel owned and operated by Prestige. Exhibits 2–3. Such employment does not make him authorized to receive service of process on Prestige's behalf under the Federal Rules of Civil Procedure or Maryland law. Fed. R. Civ. Proc. 4(h)(1), 4(e)(1); Md. Rule 2-124(h). Indeed, Mr. Shah himself represents that he was not authorized to accept service and, in any event, denies ever being served with the Summons and Complaint. Exhibit 2. Mr. Shah is not an officer, managing or general agent, or any other agent authorized to accept service in accordance with methods of appropriate service pursuant to federal law. Exhibits 2–3. Regardless, he is not a Member of or the Resident Agent for Prestige. Exhibits 2–3. He has no ownership interest in Prestige. *Id.* He exerts no control whatsoever over the limited liability company. *Id.* He was not authorized by Prestige or any of its members to accept service. *Id.* His role is that of an employee, tasked with managing the day to day affairs of

a hotel, not a designated or authorized representative of the entity that owns the hotel. As such, service was ineffective, as service on Mr. Shah does not equate to service on Prestige.

Mr. Nichani *is* the Resident Agent for Prestige. Exhibit 3. He is also a Member of Prestige. *Id.* Mr. Nichani's status as Resident Agent is on file with the Maryland Department of Assessments and Taxation, and such information is fully available to the public, and was available to the Plaintiff at the time of filing and attempted service. However, at no point did Plaintiff avail themself of this information in order to make <u>any</u> attempt – much less a good faith attempt – to effectuate proper service of process on Prestige via their Resident Agent. Md. Rule 2-124(h). Plaintiff made no other attempt to effectuate proper service of process in accordance with Federal Rules of Civil Procedure 4(h)(1), 4(e)(1), and Maryland Rule 2-124(h). As such, having failed to follow the rules and the "plain requirements for the means of effecting service," this Court lacks jurisdiction over Prestige, and Plaintiff's Complaint must be dismissed. *Armco, Inc.*, 733 F.2d. at 1089; *Davey Tree Expert Co.*, 2020 U.S. Dist. LEXIS 6929, at *4.

**II.     Plaintiff's Claim Must be Dismissed for Insufficiency of Service of Process Because the Summons and Complaint Were Not Served Within the 90-Day Timeframe set Forth in Rule 4(m).**

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "Good cause 'requires a showing that the plaintiff 'made reasonable and diligent efforts to effect service prior to the 120–day[3] limit, which may include a showing that plaintiff's attempts at service were unsuccessful due to a

---

[3] Fed. R. Civ. Proc. 4(m) was amended to reduce the time for service of a summons from 120 days to 90 days, effective December 1, 2015.

putative defendant's evasion of process. Accordingly, the court may find good cause 'where the plaintiff has taken some affirmative action to effectuate service of process upon the defendant or ha[s] been prohibited, through no fault of his own, from taking such an affirmative action.'" *Chen v. Mayor & City Council of Baltimore*, 292 F.R.D. 288, 293 (D. Md.), *aff'd,* 546 F. App'x 187 (4th Cir. 2013). The Fourth Circuit has identified six factors that are considered when determining whether a party has good cause for an extension of the FRCP 4(m) time limit:

> 1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is *pro se* or *in forma pauperis*, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A).

*Scott v. Maryland State Dep't of Labor*, 673 F. App'x 299, 306 (4th Cir. 2016).

In the instant case, in addition to failing to serve the Summons and Complaint on an individual authorized to accept service of the same, it is now past the ninety (90) day time frame for service after the filing of a complaint. The Summons was issued on July 22, 2020. Thus, the 90-day period expired on October 22, 2017. As such, Prestige was never properly served during the 90-day period.

Plaintiff cannot demonstrate good cause for her failure to effectuate service, as it is evident from the record the defect in service was well within the bounds of Plaintiff's control. The identity of Prestige's resident agent is readily accessible to any member of the public via the Maryland Department of Assessments and Taxation's online business entity database, and there is nothing in the record that would suggest that Defendant has in any way evaded proper service. *See Davey Tree Expert Co.*, 2020 U.S. Dist. LEXIS 6929, at *8–9 (finding that plaintiff's failure to serve defendant's resident agent, whose identity was known to plaintiff, or make a good faith attempt to do so did not effectuate proper service of process on an employee of defendant). In regard to diligence or reasonable efforts made to effectuate service, the record reflects that

8

Plaintiff merely provided the papers to a process server to attempt to serve **any** individual that **may** have been affiliated with Prestige at the location of their business. Plaintiff has not in any way provided facts to support that she reasonably believed that Mr. Shah was a Member of or the Resident Agent for Prestige, or that he was otherwise authorized by law or by appointment to accept service of process on behalf of Prestige. Fed. R. Civ. Proc. 4(h)(1), 4(e)(1); Md. Rule 2-124(h). In fact, the Return of Service on its face suggests the contrary. It identifies Mr. Shah merely as the "General Manager," a description that does not implicate one designated or appointed by law to accept service of process. There is no contention that Mr. Shah suggested or implied that he was authorized to accept service on behalf of Prestige. Further, Plaintiff has the benefit of counsel in these proceedings, yet failed to take the actions necessary to establish reasonable diligence in effectuating service.

Because no rule or statute could permit Plaintiff to believe that they effectively served Prestige, Plaintiff cannot establish good cause. It is well established that a misinterpretation of Rule 4 is not good cause for failure to serve process: the "mistake of counsel or ignorance of the rules [is] insufficient to show good cause." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994) (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) ("'good cause'" … require[s] *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice") (emphasis in original); *see also Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) ("The inadvertence of Wei's counsel likewise does not qualify as good cause for Wei's failure to comply with Rule 4(j).[4] The rule is intended to force parties and their

---

[4] The text of Rule 4(j) as it was enacted at the time of *Wei* is as follows:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the

attorneys to be diligent in prosecuting their causes of action."); *Geller v. Newell,* 602 F. Supp. 501, 502 (S.D.N.Y. 1984) ("The harsh sanction of Rule 4(j) is appropriate to those cases in which non-service was the result of mere inadvertence."); *Arroyo v. Wheat,* 102 F.R.D. 516, 518 (D.Nev.1984) (Rule 4(j) is aimed at "[i]advertent or heedless non-service"); *Coleman v. Greyhound Lines, Inc.,* 100 F.R.D. 476, 477 (N.D. Ill. 1984).

## **CONCLUSION**

In sum, Plaintiff failed to serve Prestige by any of the accepted or recognized means of service in accordance with either the Federal Rules of Civil Procedure or the Maryland Rules. Moreover, the 90-day window to effectuate proper service has expired. Absent proper service, and the window for effectuating such service having expired, this Court lacks jurisdiction over Prestige, and the claims against it must be dismissed in their entirety.

WHEREFORE, Defendant Prestige Hospitality Group, LLC, respectfully requests that this Honorable Court dismiss the instant lawsuit filed against it in its entirety for lack of sufficient service of process.

---

party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Respectfully submitted,

*/s/Eric M. Rigatuso*

Eric M. Rigatuso (Bar Number 27605)
ECCLESTON & WOLF, P.C.
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, MD 21076-1378
(410) 752-7474 (phone)
(410) 752-0611 (fax)
E-mail: rigatuso@ewmd.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **29th day of October, 2020**, copies the foregoing MEMORANDUM OF LAW IN SUPPORT PRESTIGE HOSPITALITY GROUP, LLC'S MOTION TO DISMISS were served via the Court's Electronic Filing System on counsel of record:

Tristan W. Gillespie, Esq.
Thomas B. Bacon, P.A.
5150 Cottage Farm Road
(404) 276-7277
Gillespie.Tristan@gmail.com
*Attorney for Plaintiff*

*/s/Eric M. Rigatuso*
Eric M. Rigatuso (Bar Number 27605)