IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DEBORAH LAUFER,

    Plaintiffs,

v.

PRESTIGE HOSPITALITY GROUP, LLC,

    Defendant.

Case No.: 1:20-cv-2119

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS**

Plaintiff, by and through undersigned counsel, hereby opposes the Motion to Dismiss for insufficiency of process pursuant to Rule 12(b)(5), and in support of their opposition state:

1. Plaintiffs have properly named Prestige Hospitality Group, LLC as Defendant to this Civil Action, and Defendant has not denied same.

2. Defendant was properly served with the Complaints and Summonses in this matter.

3. Defendant had actual notice of the commencement of the proceedings against them, and of their duty to defend the allegations contained in the Complaint.

4. Defendants have had an opportunity to defend the allegations contained in the complaint, and, having failed to avail themselves of that opportunity, entry of default judgment should be granted against them.

WHEREFORE, Defendants' Motion to Dismiss should be denied. Plaintiffs offer, in support of their opposition, a memorandum of points and authorities filed contemporaneously herewith.

Date: November 19, 2020

By: */s/ Tristan W. Gillespie*
Tristan W. Gillespie

Thomas B. Bacon, P.A.
5150 Cottage Farm Rd.
Johns Creek, GA 30022
404.276.7277
gillespie.tristan@gmail.com

## **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff opposes Defendant's Motion to Dismiss and offers this memorandum in support of her Opposition to Defendant's Motion to Dismiss for improper service pursuant to Rule 12 (b)(5) of the Federal Rules of Civil Procedure.

INTRODUCTION

Plaintiff Deborah Laufer is a disabled person within the meaning of Title III of the Americans With Disabilities Act, 42 U.S.C. Sections 12181, et seq. Defendant owns and operates the Comfort Inn & Suites BWI Airport Baltimore MD located at 6921 Baltimore Annapolis Blvd, Baltimore, MD 21225 ("Subject Hotel"). It reserves rooms through an online reservations system ("ORS") and, as such, is required to comply with the Regulation promulgated at 28 C.F.R. Section 36.302(e)(1)("Regulation") by, inter alia, providing the same option for booking accessible rooms as for its other rooms and by identifying the accessible rooms, features within those rooms and features at the hotel to inform disabled persons whether or not those features are truly accessible. Laufer visited Defendant's ORS and suffered discrimination because Defendant's ORS completely failed to comply with the Regulation in any respect. On July 21, 2020, Laufer filed the instant action against Defendant for injunctive relief to bring its ORS into compliance with the

3

Regulation, and for attorney fees, costs and litigation expenses pursuant to 42 U.S.C. Sections 12188 and 12205. This action was filed in the United States District Court for The District of Maryland, No. 1:20-cv-2119-CCB (hereinafter "Original Case").

On August 20, 2020, Plaintiff's process server made their first attempt to serve the Summons and Complaint upon Defendant's Registered Agent, Ravi Nichani, at that agent's official address[1], 14419 Ashleigh Greene Rd., Boyds, MD 20841. Defendant successfully evaded Plaintiff's first service of process attempt. (Ex A). Specifically, the self-proclaimed tenant at that address informed the server that Mr. Nichani "had moved to Connecticut". *Id.* As a result of this information, the process server then successfully served Defendant at the Subject Hotel on August 31, 2020. (Ex. B). As indicated in both the Affidavit of Service (Ex. B) and as admitted in Defendant's Motion to Dismiss, the individual served was Mr. Imran Shah who is the General Manager of the Subject Hotel.

Plaintiffs filed a Motion to Dismiss for Insufficient Process on 10/29/2020 pursuant to Fed. R. Civ. P. 12(b)(5). However, due to Defendant's efforts to evade service and their liability in this case, even though they were properly served pursuant to Rule 4 of the Federal Rules of Civil Procedure and Rule 2-124 of the Maryland Rules, their motion should be denied.

---

[1] Defendant concedes that this this individual is, in fact, the proper registered agent in their Motion to Dismiss and that this is his official address of record.

4

FACTS

1. Defendant received a Complaint and Summons in this matter. See Ex. B.
2. Defendant had actual notice of the commencement of the action against it, and of its duty to defend.

ARGUMENT

Defendants' motion is simply an attempt to continue their pattern of evading service and liability for the claims asserted in Plaintiff's Complaint. Any "deficiencies" of service of which Defendant complains is a direct result of the way in which they purposefully conduct their business. The relief that they seek from such conduct is unavailable, and the fact that they seek relief from their purposeful conduct is reprehensible.

Plaintiffs properly served the named Defendant to this action. Indeed, Defendant's motion is prima facia evidence of their actual knowledge of the subject proceedings, and their duty to defend the allegations contained therein. As a result, Defendant should be held liable for its actions, and Defendant's motion should be denied.

I. SUFFICIENCY OF SERVICE

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides a cause of action for insufficiency of service of process. The requirements for service of process are set forth in Rule 4 of the Federal Rules of Civil Procedure. Specifically, Rule 4(h) states that service upon a corporation shall be affected in a judicial district of the United States in a manner prescribed for individuals by subdivision (e)(1). Fed.R.Civ.P. 4. Subdivision (e)(1) of Rule 4 provides that service may be affected upon an individual "pursuant to the law of the state in which the district court is located, or in which service is affected..." Fed.R.Civ.P. 4.

Service of process in the State of Maryland is governed by Md. Rule 2-124 which states, in relevant part, "service is made upon an individual by serving the individual or an agent authorized by appointment or by law to receive service of process for the individual." Md.R.Civ.P. 2-124. Further, service upon corporations, general partnerships, limited partnerships, limited liability companies and unincorporated associations is made by serving the entity's resident agent, officer, general partner, member, or "any other person expressly or impliedly authorized to receive service of process." Md.R.Civ.P. 2-124. As a result, Mr. Imran Shah who is the General Manager of the Subject Hotel, is expressly and impliedly authorized to receive service of process in accordance with Md. Rule 2-124.

In addition, Defendant, by service on its General Manager, had actual notice of the commencement of proceedings against it, and of its duty to defend. According to the Fourth Circuit:

> where actual notice of the commencement of the action and the duty to defend has been received by the one served, the provisions of Rule 4(d)(1) should be liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for trial on the merits.

Karlsson v. Rabinotwitz, 318 F.2d 666, 668 (4th Cir. 1963) (citations omitted). Defendant's actual knowledge of the commencement of these proceedings, and of its duty to defend constitute effective service of process. As a result, Defendant's motion should be denied.

In their memorandum, Defendant erroneously implies that in order to maintain a cause of action against them, Plaintiff's only option was to perfect service upon the Registered Agent. See Memorandum of Law in Support of Defendants' Motion to Dismiss. Defendants makes this assertion without providing any legal authority in support of their position. This is because there is no legal authority to cite.

CONCLUSION

By admitting in their motion to dismiss that their General Manager was served, Defendant has admitted that they were properly served with a Summons and Complaint in this action. Defendants failed to properly challenge this Court's

7

jurisdiction based on insufficient service of process. Further, Defendant had actual notice of the commencement of the proceedings against it, and of its duty to defend. Indeed, it has defended this action to the extent that defenses are available to it. It is because Defendant recognizes that default will likely be entered against it that Defendant is now raising this specious argument. For the foregoing reasons, Plaintiff has properly served Defendant and there is no dispute as to any material facts regarding such service, and Defendant's motion should be denied as a matter of law.

Date: November 19, 2020

                                              Respectfully submitted,

                                              By: */s/ Tristan W. Gillespie*
                                              Tristan W. Gillespie

                                              Thomas B. Bacon, P.A.
                                              5150 Cottage Farm Rd.
                                              Johns Creek, GA 30022
                                              404.276.7277
                                              gillespie.tristan@gmail.com