**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| DEBORAH LAUFER, | * |
| Plaintiff, | * |
| v. | *      Civil No. SAG-20-2119 |
| PRESTIGE HOSPITALITY GROUP, LLC, | * |
| Defendant. | * |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**MEMORANDUM OPINION**

Deborah Laufer ("Plaintiff") filed a Complaint on July 21, 2020 against Prestige Hospitality Group, LLC ("Defendant"), alleging a violation of the Americans With Disabilities Act ("ADA"). ECF 1. Defendant has filed a Motion to Dismiss the Complaint on the basis of insufficiency of process, pursuant to Fed. R. Civ. P. 12(b)(5).[1] ECF 10. Plaintiff filed an opposition, ECF 11, and Defendant filed a reply, ECF 14.

This Court has carefully reviewed all of the filings in this case, and no hearing is necessary to resolve the pending motion. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Defendant's motion will be granted.

I.      **Procedural Background**

Plaintiff's Complaint seeks injunctive relief, asserting that the online reservations systems for Defendant's lodging establishment, the Comfort Inn and Suites BWI Airport ("the Hotel"), violate the ADA. ECF 1. After the Complaint was filed, the Court issued a 21-day Summons on

---

[1] Before Defendant's appearance, default was entered by the Clerk but later vacated by this Court. ECF 5; ECF 12. Plaintiff's Motion for Default Judgment was denied. ECF 13.

July 22, 2020.  ECF 2.  On September 13, 2020, Plaintiff filed a return of service indicating that, on August 31, 2020, the Summons and Complaint had been served on "Imren Shah," the "General Manager."  ECF 3.

According to the declarations attached to Defendant's Motion, Imran Shah (not "Imren"), is employed as General Manager of the Hotel, and is responsible for its daily operations.  ECF 10-3.  Mr. Shah denies ever having been served with the Summons and Complaint, or any other legal documents in connection with Defendant.  *Id.*  Moreover, Mr. Shah is not a member of the Defendant LLC.  *Id.*  He is not the resident agent, is not an officer, and has not been authorized to accept service of legal papers.  *Id.*

Defendant's resident agent is Ravi Nichani, a member of the LLC.  ECF 10-4.  Mr. Nichani was not served with the Summons and Complaint, and did not authorize Mr. Shah or anyone else to accept service on behalf of Defendant.  *Id.*

## II.    Legal Standards

Where the validity of service is challenged, the burden rests with the plaintiff to establish valid service.  *Miller v. Baltimore City Bd. of Sch. Com'rs*, 833 F. Supp. 2d 513, 516 (D. Md. 2011) (quoting *O'Meara v. Waters*, 464 F Supp. 2d 474, 476 (D. Md. 2006)).  When assessing whether a plaintiff has met that burden, "plain requirements for the means of effecting service of process may not be ignored."  *O'Meara*, 464 F. Supp. 2d at 476; *see also Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) ("But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.").

A corporation, partnership, or association within a federal judicial district may be served: "(A) in the manner prescribed in Rule 4(e)(1) for serving an individual; or (B) by delivering a copy

of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy to each of the defendants." Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Maryland law, "[s]ervice is made upon a limited liability company by serving its resident agent. If the limited liability company has no resident agent or if a good faith attempt to serve the resident agent has failed, service may be made upon any member or other person expressly or impliedly authorized to receive service of process." Md. Rule 2-124(h). Improper service of process deprives the Court of personal jurisdiction over the defendant. *See Koehler v. Dodwell*, 152 F.3d 304, 306-07 (4th Cir. 1998) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant. Moreover, any judgment entered against a defendant over whom the court does not have personal jurisdiction is void.") (internal citation omitted).

## III.    Analysis

Plaintiff has not met her burden of establishing valid service. She repeatedly alleges that Defendant "evaded" service, but proffers no evidence to suggest evasion. ECF 11 at 4. She made one attempt to serve Mr. Nichani at 14419 Ashleigh Greene Rd., Boyds, MD 20841, where an unidentified tenant told the process server that Mr. Nichani "had moved to Connecticut."[2] ECF 11 at 4. Even assuming the veracity of that representation, Mr. Nichani's move would not

---

[2] This fact is proffered in Plaintiff's opposition, with a cite to Exhibit A. ECF 11 at 4. However, the two attachments to the opposition are the same document, pertaining to the service on Mr. Shah on August 31, 2020. ECF 11-1, 11-2. If Plaintiff has a document describing the earlier service attempt, she did not attach it. However, even had it been attached, the result would be the same.

constitute evasion of service, absent some temporal or other connection between his move and the attempted service of process.  Rather than make additional attempts to ascertain whether Mr. Nichani actually had moved, determine whether he could be served at any other location, or learn whether other individuals were authorized to accept service on behalf of the Defendant LLC, the process server simply served Mr. Shah.  ECF 11 at 4.

Plaintiff also makes an unsubstantiated assertion that Mr. Shah "is expressly and impliedly authorized to receive service of process in accordance with Md. Rule 2-124."  ECF 11 at 6.  She cites no facts or legal authority to support that claim.  Defendant's uncontroverted evidence establishes that he was not so authorized.  *See* ECF 10-3.

Finally, Plaintiff suggests that Defendant's actual notice of the commencement of the legal proceedings is sufficient.  ECF 11 at 7.  Setting aside the incongruity between that position and Plaintiff's simultaneous and unsuccessful effort to defend the default that had been entered by the Clerk, well-established precedent provides that actual notice does not substitute for adherence to the rules.  *See Mining Energy, Inc. v. Dir., Office of Workers' Comp. Programs*, 391 F.3d 571, 576 (4th Cir. 2004) ("Nor is 'actual notice' ever the controlling standard in such disputes, even in the context of service of process."); *Armco*, 733 F.2d at 1089 (determining that the rules "are there to be followed, and plain requirements for the means of effecting service of process may not be ignored."); *Trademark Remodeling, Inc. v. Rhines*, 853 F. Supp. 2d 532, 541 (D. Md. 2012) ("But, there is nothing in Maryland law that suggests that the rules of service may be liberally construed.") (internal quotation omitted).  There would be no reason to have rules of service if they could be excused automatically any time actual service were achieved.

Accordingly, Plaintiff has not met her burden to demonstrate valid service, and her Complaint will be dismissed without prejudice for insufficient service of process.[3]  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss, ECF 10, is granted, and Plaintiff's Complaint is dismissed without prejudice.  An implementing Order follows.


Dated:    December 3, 2020                                    _____/s/_____
                                                                       Stephanie A. Gallagher
                                                                       United States District Judge

---

[3] If Plaintiff intends to refile her complaint, she should be mindful of the recent rulings of this Court determining that she lacks standing to sue in near-identical situations.  *See, e.g.*, *Laufer v. Ft. Meade Hospitality, LLC*, Civ. No. 20-1974-PX, 2020 WL 6585955 (Nov. 10, 2020); *Laufer v. Bre/Esa P Portfolio, LLC*, Civ. No. SAG-20-1973, 2020 WL 6801924 (Nov. 19, 2020).